Phil J. Montoya, Jr. (SBN 124085)
**HAWKINS PARNELL & YOUNG, LLP**
445 South Figueroa Street, Suite 3200
Los Angeles, CA 90071-1651
Telephone: (213) 486-8000
Facsimile: (213) 486-8080
Email: pmontoya@hpylaw.com

*Attorneys for Defendants ResCare, Inc.
and RSCR California, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| SUSANA DIAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Superior Court of Fresno County<br>Case No. 20CECG03691<br><br>Complaint filed: December 22, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF SUSANA DIAZ, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants ResCare, Inc. ("ResCare") and RSCR California, Inc. ("RSCR," ResCare and RSCR collectively "Defendants") remove this action from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1. On December 22, 2020, Plaintiff Susana Diaz ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Fresno entitled "*SUSANA DIAZ, an individual v. RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky*

*Corporation; and DOES 1 through 50, inclusive*," Case No. 20CECG03691 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2. The Complaint, which is the pleading that sets forth the claims for relief upon which this action may be removed, alleges the following purported causes of action against Defendants: (1) Wrongful Termination in Violation of Public Policy, and (2) Intentional Infliction of Emotional Distress. *See* Complaint. Plaintiff served Defendants with the Complaint on December 22, 2020. *See* Declaration of Phil J. Montoya, Jr. ("Montoya Decl."), ¶ 4.

3. Defendants Does 1 through 50 are unnamed and unknown, and therefore, have not been served with the Complaint.

4. Defendants have not yet filed an answer or other pleading in response to the Complaint. Montoya Decl., ¶ 5.

5. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Fresno County Superior Court. Montoya Decl., ¶ 6. True and correct copies of the Notice to Plaintiff of Removal and Notice to Superior Court of Removal of Civil Action are attached to the Montoya Decl. as **Exhibits A** and **B**, respectively. Accordingly, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

6. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. § 1446(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the removed case was pending in a superior court within this district.

8. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the following grounds:

**REMOVAL BASED ON DIVERSITY JURISDICTION (28 U.S.C. § 1332(a))**

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332(a), and the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

**A.     Complete diversity of citizenship exists between Plaintiff and Defendants.**

A case may be removed on diversity grounds where none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).  For purposes of diversity, "[a] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).  Doe defendants are disregarded for purposes of removal under 28 U.S.C. § 1441(b).

Plaintiff is now, and was at the time this action commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332 because her place of residence and domicile is within the State of California. Complaint, ¶ 1.

ResCare is organized and incorporated under the laws of and maintains its principal place of business in the Commonwealth of Kentucky. Declaration of Cynthia Eisenmenger ("Eisenmenger Decl."), ¶ 2.  Therefore, it is not a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1).

RSCR is organized and incorporated under the laws of the State of Delaware and maintains its principal place of business in the Commonwealth of Kentucky. Eisenmenger Decl., ¶ 3.  Therefore, it is not a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1).

Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants under 28 U.S.C. § 1332 and removal is proper.

**B.     The amount in controversy exceeds $75,000**.

Without admitting Plaintiff could recover any damages, including any civil or statutory penalties, Defendants assert that the amount in controversy in this action for purposes of removal jurisdiction exceeds $75,000, exclusive of interest and costs.

In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  When the amount in controversy does not expressly appear on the face of a plaintiff's complaint, as here, a notice of removal "need include only a plausible allegation that the

3
DEFENDANTS' NOTICE OF REMOVAL

1  amount in controversy exceeds the jurisdictional threshold for removal; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).  "A defendant's burden of proof as to the amount in controversy for removal purposes initially is lenient." *Marshall v. Faneuil, Inc.*, No. 2:17-cv-01975-KJM-CKD, 2018 U.S. Dist. LEXIS 133007, at *4 (E.D. Cal. Aug. 6, 2018).  The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In determining the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is placed "in controversy" by the complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis*, 627 F.3d at 401.

Without admitting Plaintiff could recover any damages, and/or that any requested civil or statutory penalties are appropriately alleged, the following is a summary of the damages Plaintiff seeks to recover in this action.

### 1. Amount in controversy based on Plaintiff's first cause of action: Wrongful Termination in Violation of Public Policy

In support of her claim for wrongful termination in violation of public policy, Plaintiff alleges Defendants "discriminated and retaliated against [her]" for "exercising her right to take sick leave," entitling her to recover (among other things) "lost wages, lost bonuses, lost benefits, and other pecuniary loss." Complaint, ¶ 20.  Plaintiff's backpay can be quantified for purposes of calculating the amount in controversy.

Defendants' records show that RSCR[1] hired Plaintiff on or about August 1, 2018 and that her termination date was December 22, 2018. Eisenmenger Decl., ¶ 4.  During that timeframe (approximately 20 weeks), Plaintiff's compensation totaled $9,869.43. Eisenmenger Decl., ¶ 6. Plaintiff, thus, earned approximately $493 per week ($9,869.43 / 20 weeks) as an employee of RSCR. Eisenmenger Decl., ¶ 7.

---

[1] ResCare never employed Plaintiff in any capacity. Eisenmenger Decl., ¶ 5.

More than 108 weeks have passed since Plaintiff's last day of work at RSCR. Therefore, the amount of Plaintiff's purported backpay claim is already (at a minimum) $53,244 ($493 x 108 weeks). This amount will easily double if the case were to proceed through discovery and to trial.

### 2. Additional claims for monetary relief

As evidenced above, the minimum amount in controversy is nearly satisfied even without factoring in Plaintiff's not-explicitly-quantified claims for relief, which include claims for alleged emotional distress, punitive damages, attorneys' fees and costs, and interest. In seeking these additional damages, Plaintiff increases the potential amount in controversy substantially.

#### a. Emotional distress and punitive damages

Plaintiff seeks damages for emotional distress, as well as punitive damages, both of which may be considered in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 110 (2002). To establish the amount of emotional distress damages in controversy, a defendant can introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Kroske*, 432 F.3d at 980 (holding that a district court did not err in concluding that emotional distress damages added at least $25,000 to the amount in controversy based in part on emotional distress damage awards in similar employment cases). Similarly, when a plaintiff's complaint does not specify the amount of punitive damages sought, the defendant "may introduce evidence of jury verdicts in cases involving analogous facts" in order to establish probable punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. Jul. 2, 2002).

The following jury verdicts are relevant in estimating the amount of emotional distress and punitive damages potentially placed in controversy based on Plaintiff's allegations in this action:

- $70,000 for emotional distress and $175,000 in punitive damages awarded to plaintiff in wrongful termination in violation of public policy and intentional infliction of emotional distress case brought by former youth center employee who was fired after a few months of employment for reporting suspected child abuse. Economic damages totaled $3,300.

*Keirsty Goodman v. Fred Finch Youth Center*, No. 200126309, 2003 Jury Verdicts LEXIS 50621 (Cal. Super. Ct., Oakland, Mar. 18, 2003).

- $99,000 for emotional distress and $200,000 in punitive damages awarded to plaintiff in wrongful termination and whistleblower retaliation case brought by former employee who was terminated five days after allegedly reporting a licensing violation to her employer, a home health care agency. *Vanessa Annaliza M. Manuel v. Heart to Heart Care, Inc., et al.*, No. BC 527985, 2015 Jury Verdicts LEXIS 6057 (Cal. Super. Ct., Los Angeles, Apr. 28, 2015).

- $200,000 for emotional distress and $500,000 in punitive damages awarded to plaintiff in wrongful termination in violation of public policy case brought by former employee who was terminated for disclosing to management the employer's violation of the False Statements Act. *Randall Holmes v. General Dynamics Corp*, No. 529199, Mealey's CA Jury Verdicts & Settlements 22 (Cal. Super. Ct., San Diego).

- $20,000 for past emotional distress and $500,000 in punitive damages awarded to plaintiff whose position was eliminated after she complained that her employer, a medical provider, had submitted $350.00 in over-billings to Medicare. *Tansi A. Casillas v. Central California Faculty Medical Group,* No. 15CECG00549, 2016 Jury Verdicts LEXIS 14066 (Cal. Super. Ct., Fresno, Oct. 28, 2016).

- $300,000 punitive damages award to plaintiff in a whistleblower and retaliation case brought against her former employer where plaintiff was forced to resign after complaining to supervisors about patient safety issues in the hospital where she worked. *Kristeen Klass v. ValleyCare Medical System*, No. RG08408707, 2010 Jury Verdicts LEXIS 31551 (Cal. Super. Ct., Oakland, Jul. 23, 2010).

- $220,000 punitive damages award to plaintiff who brought wrongful termination and whistleblower claims against her former employer, the California Commission on Teacher Credentialing, after she was terminated shortly after reporting a three-year backlog of teacher misconduct complaints. *Kathleen Carroll v. State of California*

1   *Commission on Teacher Credentialing,* No. 34-2012-00135527, 2016 Jury Verdicts
2   LEXIS 7492 (Cal. Super. Ct., Sacramento, Aug. 10, 2016).

Based on the above verdicts in analogous cases, a reasonable estimate of the potential emotional distress and punitive damages awards placed in controversy for the types of claims Plaintiff has asserted in this case would be comfortably in the six-figures, which by themselves would far exceed the threshold for establishing diversity jurisdiction under 28 U.S.C. § 1332.

### b. Attorneys' fees

The Ninth Circuit has held that all reasonable attorneys' fees—not merely through the date of removal, but through resolution of the case—are properly included in calculating the amount in controversy. *See Tompkins v. Basic Research LLC*, 2008 U.S. Dist. LEXIS 81411 (E.D. Cal. Apr. 22, 2008); *Simmons*, 209 F. Supp. 2d at 1034; *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 U.S. Dist. LEXIS 98517 (C.D. Cal. July 27, 2015); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. Mar. 3, 2015). A conservative estimate of attorneys' fees at the rate of 25% adds an additional $13,311 to the amount in controversy based on Plaintiff's alleged backpay damages only ($53,244). This estimate would be substantially higher when factoring in reasonable amounts Plaintiff purports to recover in non-economic and punitive damages.

### CONCLUSION

Plaintiff's claimed back-pay damages alone nearly satisfy the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a) – those are within $22,000 of the threshold amount. An ultra-conservative attorneys' fees estimate brings the easily-quantifiable amount in controversy to over $66,000. Thus, only an additional $9,000 for alleged emotional distress damages and punitive damages is necessary for the amount in controversy to exceed $75,000. Based upon even a conservative review of the Complaint, therefore, the amount in controversy is well over $75,000. Moreover, Plaintiff seeks additional monetary damages for interest and costs, further increasing the amount in controversy by thousands of dollars. Therefore, the minimum $75,000 threshold has been satisfied, and diversity jurisdiction is properly conferred upon this Court.

1   WHEREFORE, Defendants remove the above-titled action now pending in the Superior Court of Fresno County to the United States District Court for the Eastern District of California.

Respectfully submitted this 21st day of January, 2021.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Phil J. Montoya, Jr.*
Phil J. Montoya, Jr. (SBN 124085)
445 South Figueroa Street, Suite 3200
Los Angeles, CA 90071-1651
Telephone: (213) 486-8000
Facsimile: (213) 486-8080
Email: pmontoya@hpylaw.com

*Attorneys for Defendants ResCare, Inc. and RSCR California, Inc.*

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSANA DIAZ, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/22/2020 8:46 AM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
B.F. Sisk Courthouse
1130 O Street, Fresno, CA 93721-2220

**CASE NUMBER:** *(Número del Caso):* 20CECG03691

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9665 Wilshire, Blvd., Ste 430, Beverly Hills, CA 90212 (310)888-7771

DATE: *(Fecha)* 12/22/2020
Clerk, by *(Secretario)* A. Rodriguez , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* RSCR CALIFORNIA, INC., a Kentucky Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
SUSANA DIAZ

E-FILED
12/22/2020 8:46 AM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF FRESNO

UNLIMITED JURISDICTION

SUSANA DIAZ, an individual,

Plaintiff,

vs.

RESCARE, INC., a Kentucky Corporation; RSCR CALIFORNIA, INC., a Kentucky Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 20CECG03691

**COMPLAINT**

(1) Wrongful Termination in Violation of Public Policy;
(2) Intentional Infliction of Emotional Distress;

**JURY TRIAL DEMANDED**

COMPLAINT

COMES NOW, Plaintiff SUSANA DIAZ ("Plaintiff") complains and alleges as follows:

## PARTIES

1. Plaintiff SUSANA DIAZ is, and at all relevant times mentioned herein, an individual residing in the State of California.

2. Plaintiff is informed and believes, and thereupon alleges that Defendant RESCARE, INC. is, and at all relevant times mentioned herein, a Kentucky corporation doing business in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges that Defendant RSCR CALIFORNIA, INC., is, and at all relevant times mentioned herein, a Kentucky corporation doing business in the State of California.

4. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct alleged herein of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes that these defendants are legally responsible for the conduct alleged in this complaint and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

5. Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent in this complaint, and that the acts of each defendant are legally attributable to each of the other defendants.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought in this complaint for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

7. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure section 395(a) and 395.5 in that liability arose in Fresno County because at least some of the transactions that are the subject matter of this complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

8. Venue is proper in Fresno County because Defendants' principal place of business is in Kentucky, is incorporated under the laws of Delaware, does business in Fresno County, and has not registered a California place of business with the California Secretary of State. As such, venue is proper in any county in California.

**FACTUAL ALLEGATIONS**

9. On or about August 2018 Plaintiff was hired by Defendants as a Direct Care Professional at the Clovis Branch.

10. Plaintiff worked at her placement until approximately December 2018.

11. On or around November 27, 2018, Plaintiff called her supervisor Michelle Brown, and informed her that she was having extreme, major menstrual bleeding, and that she would not be able to work that day because she would be going to the emergency room to receive treatment.

12. Michelle Brown requested that Plaintiff furnish to Defendants a doctor's note for the visit, and Plaintiff duly complied by producing the doctor's note from her visit.

13. On or around December 4, 2018, Plaintiff began experiencing similar menstrual issues and called her supervisor Michelle Brown to inform her she would not be able to work that day because she was going to the hospital.

14. Defendants again asked for a doctor's note, and one was provided by Plaintiff.

15. Promptly thereafter, on or around December 5, 2018, supervisor Michelle Brown informed Plaintiff that Defendants would be substantially reducing Plaintiff's hours by cutting approximately three days of work off her weekly schedule, resulting in a drastic pay decrease for Plaintiff.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against All Defendants)**

16. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

17. Defendants terminated Plaintiff's employment in violation of important and well-established public policies, as set forth in various state statutes including but not limited to Labor

1. Code § 246 and Labor Code § 246.5.

18. Labor Code §246.5(c)(1) states in pertinent part that "an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article, cooperating in an investigation or prosecution of an alleged violation of this article, or opposing any policy or practice or act that is prohibited by this article."

19. Plaintiff, as a result of experiencing a temporary medical condition, exercised her right to take sick leave to receive treatment and return to work in good health. As a direct result of Plaintiff exercising her right to take sick leave, Defendants discriminated and retaliated against Plaintiff and constructively discharged Plaintiff by drastically reducing her schedule and cutting her hours.

20. As a proximate result of the conduct of Defendants, Plaintiff suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

21. In committing the foregoing acts, Defendants have been guilty of oppression, fraud and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of Defendants.

22. The acts of oppression, fraud and/or malice were engaged in by employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppressions, fraud and/or malice. The advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud and/or malice was committed by or on part of an officer, director or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against

Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of Defendants.

23. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

24. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

25. The conduct of Defendants' management as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

26. As an actual and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress and physical and mental pain and anguish, all to her damage in an amount according to proof at trial.

27. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendants in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof;

B. For general and special damages to compensate Plaintiff for any medical expenses

and suffering;

C. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

D. For restitution and/or disgorgement;

E. For an award of costs of suit and reasonable attorneys' fees;

F. For an award of pre-judgment and post-judgment interest;

G. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: December 21, 2020   SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
SUSANA DIAZ

5
COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br>Shaun Setareh (SBN 204514); Thomas Segal (SBN 222791) <br>Setareh Law Group <br>9665 Wilshire Blvd., Suite 430, Beverly Hills, CA 90212 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 888-7771   FAX NO. *(Optional)*: (310) 888-0109 <br>ATTORNEY FOR *(Name)*: Plaintiff Susana Diaz | E-FILED <br>12/22/2020 8:46 AM <br>Superior Court of California <br>County of Fresno <br>By: A. Rodriguez, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO <br>STREET ADDRESS: 1130 O Street <br>MAILING ADDRESS: 1130 O Street <br>CITY AND ZIP CODE: Fresno 93721 <br>BRANCH NAME: B.F. Sisk Courthouse | |
| CASE NAME: <br>DIAZ v. RESCARE, INC., et al., | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 20CECG03691 |
|---|---|---|---|
| [x] Unlimited <br>(Amount demanded exceeds $25,000) | [ ] Limited <br>(Amount demanded is $25,000) | [ ] Counter   [ ] Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br>[ ] Rule 3.740 collections (09) <br>[ ] Other collections (09) <br>[ ] Insurance coverage (18) <br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03) <br>[ ] Construction defect (10) <br>[ ] Mass tort (40) <br>[ ] Securities litigation (28) <br>[ ] Environmental/Toxic tort (30) <br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br>[ ] Asbestos (04) <br>[ ] Product liability (24) <br>[ ] Medical malpractice (45) <br>[ ] Other PI/PD/WD (23) | | |
| | **Real Property** <br>[ ] Eminent domain/Inverse condemnation (14) <br>[ ] Wrongful eviction (33) <br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** <br>[ ] Business tort/unfair business practice (07) <br>[ ] Civil rights (08) <br>[ ] Defamation (13) <br>[ ] Fraud (16) <br>[ ] Intellectual property (19) <br>[ ] Professional negligence (25) <br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br>[ ] Commercial (31) <br>[ ] Residential (32) <br>[ ] Drugs (38) <br>**Judicial Review** <br>[ ] Asset forfeiture (05) <br>[ ] Petition re: arbitration award (11) <br>[ ] Writ of mandate (02) <br>[ ] Other judicial review (39) | **Enforcement of Judgment** <br>[ ] Enforcement of judgment (20) <br>**Miscellaneous Civil Complaint** <br>[ ] RICO (27) <br>[ ] Other complaint *(not specified above)* (42) <br>**Miscellaneous Civil Petition** <br>[ ] Partnership and corporate governance (21) <br>[ ] Other petition *(not specified above)* (43) |
| **Employment** <br>[x] Wrongful termination (36) <br>[ ] Other employment (15) | | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: Two (2)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 21, 2020

Shaun Setareh
(TYPE OR PRINT NAME)                                                                                     ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>Judicial Council of California      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am employed by Hawkins Parnell & Young, LLP. I am over the age of eighteen years and not a party to the within cause; my business address is 445 South Figueroa Street, Suite 3200, Los Angeles, California 90071-2901.

On the date set forth below, I served the foregoing **DEFENDANTS' NOTICE OF REMOVAL** on the below attorneys of record in this matter:

Shaun Setareh
Thomas Segal
Farrah Grant
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Email: shaun@setarehlaw.com
thomas@setarehlaw.com
farrah@setarehlaw.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to California Judicial Council Emergency rule 12, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 21, 2021, at Los Angeles, CA.

                                                                                        */s/Erica Miller*
                                                                                        Signature

                                                                                        **Erica Miller**
                                                                                        Print Name

13099538v.2

PROOF OF SERVICE